J. C. COWEN v. T. J. WITHROW et al.

*Deed—Priority from Registration under Act of 1885.*

Under the Act of 1885, ch. 147, providing that no deed shall be effective to pass title as against subsequent purchasers but from the registration thereof, the purchaser at execution sale who registers his deed prior to a deed from the defendant in execution to his wife, which was executed before the sale, acquires the title to the land; and the wife in possession of the land conjointly with her husband at the time of sale and of execution of the Sheriff's deed to the plaintiff, is not within the saving clause of the act, as the plaintiff does not take as purchaser from the "donor, bargainor or lessor," as against a donee in possession under an. unregistered deed, but from the Sheriff, who is the agent of the law.

CIVIL ACTION for the recovery of land, tried before *Merrimon, J.*, at Fall Term, 1891, of RUTHERFORD Superior Court.

The pleadings raised issues of fact that put in question the sufficiency of the plaintiff's title. On the trial he put in evidence a deed from the Sheriff of Rutherford County to him, purporting to convey the interest and title of the husband defendant in the land. This deed was dated the 3d of December, 1888, and registered on the eleventh day of the same month. The plaintiff further put in evidence executions authorizing a sale of the land by the Sheriff founded upon judgments docketed in that county before registration of the deed under which the defendant wife claims title.

The defendant wife put in evidence a deed from her said husband, dated August 5th, 1882, purporting to convey the same land to her, which deed was registered on the 25th of November, 1889. She also produced evidence tending to show that she was in possession of the land, living with her husband.

The plaintiff's counsel asked the Court to charge the jury that, under the Act of 1885, ch. 147, p. 233, providing that

no conveyance of land, or contract to convey or lease of land, for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor; but from the registration thereof within the county where the land lieth," the plaintiff was entitled to recover the land mentioned in the pleadings.

The Court refused to charge the jury as prayed, and the plaintiff excepted.

The plaintiff's counsel asked the Court to charge the jury that the second saving clause of the Act of 1885, chapter 147, providing " that no purchase from any such donor, bargainor or lessor, shall avail to pass title as against any unregistered deed executed prior to the 1st day of December, 1885, when the person or persons holding or claiming under such unregistered deed shall be in the actual possession and enjoyment of such land, either in person, or by his, her or their tenants at the time of the execution of such second deed," etc., did not apply to judgment creditors, and those claiming under the Sheriff's deed; but only to purchasers from the bargainor, grantor or lessor.

His Honor refused to give the instruction, and the plaintiff excepted.

The plaintiff asked the Court to charge the jury, that if they believed P. J. Withrow was in possession of the land in December, 1888, and was living with her husband, and had been living with him prior to and at the time of the execution of the deed in 1882, that this was not the kind of possession contemplated in the second saving clause of § 1, ch. 147, Act 1885; and further, that the possession of the wife was the possession of the husband, and as the defendant P. J. Withrow claims title by deed from defendant T. J. Withrow, registered on November 27th, 1889, and the plaintiff claims title by Sheriff's deed for the interest of T. J.

Withrow in said land, registered on the 11th day of December, 1888, the plaintiff is entitled to recover.

The Court refused to give this instruction, and the plaintiff excepted.

There was evidence tending to show the actual possession of the land by the *feme* defendant, but there was no exception to the instructions of the Court as to her possession. After verdict and judgment for the defendant, the plaintiff appealed to this Court.

*Messrs. Justice & Justice* (by brief), for plaintiff.
*Mr. J. A. Forney,* for defendants.

MERRIMON, C. J.: We are of opinion that the Court erred in refusing to give the jury the special instructions above set forth, as requested by the plaintiff, or the substance of them. The purpose of the statute (Acts 1885, ch. 147) is to require all conveyances of land to be registered as therein prescribed, and to render the same ineffectual without registration. The first clause thereof, material here, provides: "No conveyance of land, or contract to convey or lease of land for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor; but from the registration thereof in the county where the land lieth." It seems to us clear that this case comes directly within the letter and purpose of this provision, unless it comes within the meaning of the proviso presently to be considered. The plaintiff was a purchaser of the land for a valuable consideration, and his deed was registered long before that under which the defendant claims. The title of the defendant husband had passed to the plaintiff before the *feme* defendant's deed became operative and effectual as against creditors or purchasers for value.

The statute cited, however, contains a proviso as to the clause above recited, which provides as follows: "Provided further, that no purchase from any such donor, bargainor or lessor shall avail to pass title as against any unregistered deed executed prior to December 1, 1885, when the person or persons claiming or holding under such unregistered deed shall be in the actual possession and enjoyment of such land," etc.

It is insisted that the *feme* defendant's deed comes within the saving purpose of this proviso. We do not think so. The saving extends only to cases where the purchase is "from any *donor, bargainor* or *lessor*." The plaintiff did not *purchase from* a donor, bargainor or lessor in the sense of this proviso. He purchased at the Sheriff's sale made under and in pursuance of executions to enforce and satisfy docketed judgments against the husband defendant, which were liens upon the land. The Sheriff was not a donor or bargainor or lessor, he was the agent of the law to sell the property and pass the title of the defendant in the executions to the purchaser.

There is a substantial reason why the saving does not extend to purchasers at Sheriff's sale. It is founded upon the "actual possession and enjoyment of such land" by the person claiming under the unregistered deed, "either in person or by his, her or their tenants at the time of the execution of such second deed, or when the person or persons claiming under or taking such second deed, had at the time of taking or purchasing under such deed, actual or constructive notice of such unregistered deed, or the claim of the person or persons holding or claiming thereunder." Such actual possession and enjoyment of the land is treated as *notice* to a donee, bargainee or lessee. It is supposed that such persons will take notice of the land and have opportunity and be interested and disposed to see and make inquiries of those in possession as to the nature of their possession, their claim and title. But at the Sheriff's sale, made not on the land but at

the court-house, a place perhaps distant from it, the purchaser has no opportunity, on the day of sale, to see it and learn who is in possession and the nature of his claim and title. Here the plaintiff purchased the land at the Sheriff's sale. He may have purchased without notice, he may have purchased suddenly and without opportunity to see who was in possession thereof. It would tend to discourage such sales if purchasers at them were charged by the statute with such notice. Uninformed persons would not buy, or they would bid only nominal prices. The purpose of the law is not to discourage, but to encourage bidding at such sales. The saving clause in question does not contain this and like cases in terms, nor for the reasons stated does it do so by implication. Moreover, persons so claiming under an unregistered deed are charged with notice of docketed judgments against the donor, bargainor or lessor under whom they claim; they have constructive notice of the Sheriff's sale of land, and it is their own laches if they fail to give notice at the sale of their claim and unregistered deed. They could not, might not, ordinarily have such opportunity or information as would enable them to give notice of their deed to subsequent donees, bargainees and lessees of the same land. It is not probable that a bargainor would give notice to the holder of the unregistered deed that he had sold the land a second time to another person.

The defendant's deed does not, therefore, come within the saving provision of the proviso, but does come within the clause of the statute first above recited.

Error.