J. C. COWAN v. T. J. WITHROW et al.

*Notice—Unregistered Deed—Docketed Judgment—Principal and Agent—Acts of 1885.*

1. Notice to an agent of matters coming within the scope of his employment is notice to his principal, and *actual* notice to the agent of an unregistered deed is "actual notice" to the principal, under section 1, chapter 147, Acts of 1885; it is not necessary that such notice be personal.

2. The *proviso* in section 1, chapter 147, Acts of 1885, declaring the act shall not apply to "one who purchases with actual or constructive notice of an unregistered deed" extends to purchasers at Sheriffs' sales, and applies as against the lien of a docketed judgment.

This was a CIVIL ACTION for the recovery of land, tried by *Bynum, J.,* at the Spring Term, 1892, of the Superior Court of RUTHERFORD County.

On the trial the plaintiff put in evidence a deed from the Sheriff of Rutherford County, purporting to convey the title and interest of the husband defendant, T. J. Withrow, in the land. This deed was dated on the 3d day of December, 1888, and registered on the 11th day of the same month.

The plaintiff further put in evidence execution authorizing a sale of the land by. the Sheriff, founded upon judgments docketed in Rutherford County before the registration of the deed under which the *feme* defendant claims title.

The defendant P. J. Withrow put in evidence a deed from her husband, T. J. Withrow, to her, for the land, dated August 5, 1882, and registered November 27, 1889.

For the purpose of repelling fraud, and to show that the alleged sale of the land to her by her husband was *bona fide*, the *feme* defendant introduced in evidence a deed from her father, Housen Harrell, to her, dated March 8, 1878, and also a deed from her to her husband, dated August 5, 1882, (this deed neither registered nor probated). These two deeds covered the same land. P. J. Withrow then testified in her own behalf that she had bought this land from her husband on August 5, 1882; that she had given him for it the land conveyed to her by her father on the 8th of March, 1878, and in addition thereto $100 in money, which the father of her husband had made her a present of; that, at that time, August 5, 1882, she and her husband were living together as man and wife, and had been since their marriage, and still were. That she was in possession of the land in. controversy; that she authorized her husband to manage the land for her; that the subscribing witness to the deed from her husband to her was their son, who, at that time, August 5, 1882, was about seventeen or eighteen years old.

There was also evidence tending to show that the plaintiff had actual notice of the deed of the *feme* defendant before the purchase at Sheriff's sale. J. C. Erwin, a witness for the defendant, testified that the plaintiff asked him to buy this

land for him at the Sheriff's sale; that the plaintiff was not present at the sale. The defendant T. J. Withrow came up and forbade the sale in the name of his wife, and said his wife had a deed for it; that witness laid off the land for plaintiff after this notice was given by Withrow; that he did not go to tell Cowan of the notice given by Withrow; that after he had bid off the land for Cowan, and before Cowan paid for it, he told Cowan what Withrow had said. There was evidence introduced by the plaintiff tending to show the deed from T. J. Withrow to his wife was fraudulent, in that there were judgments docketed in this county against him (T. J. Withrow) before the date of the deed, August 5, 1882. There was evidence tending to show that the deed was dated back, and also that at that date, August 5, 1882, the said T. J. Withrow was in debt and did not have property sufficient to pay his debts.

The Court instructed the jury fully on the question of fraud, and instructed them that if they found the deed fraudulent, that ended the matter, and they would answer the first issue in favor of the plaintiff. The instruction is not given, as there was no exception to it. The Court further instructed the jury—

1. That if they found the deed from T. J. Withrow to P. J. Withrow, under which she claimed title to the land, was unregistered at the date of the Sheriff's sale at which the plaintiff purchased, the plaintiff would be entitled to recover under chapter 147, Acts 1885, unless they found that the plaintiff had notice of the deed. That the notice must be an actual notice to him of the existence of the deed. That notice to his agent to purchase was not sufficient.

2. That if they found the facts to be that at the sale of the Sheriff, J. C. Erwin was the agent of the plaintiff to purchase for him; that T. J. Withrow, as the agent of his wife, forbade the sale, stating that his wife had a deed for it;

Erwin did not notify the plaintiff of this, but bid off the land for him, this notice to Erwin would not be sufficient.

3. That if they found the facts to be that Cowan had been notified, before the sale, that P. J. Withrow had a deed, and they found that deed a good one, that is not fraudulent, then the plaintiff was not entitled to recover.

4. That if they found the facts to be that after the land was bid off by Erwin for Cowan and before Cowan paid the purchase-money to the Sheriff, that Cowan was notified of the deed of P. J. Withrow, the notice would not be sufficient.

To the instructions numbered 1, 2, and 4, the defendants excepted. There was a verdict for the plaintiff and judgment, from which judgment defendants prayed an appeal.

*Messrs. Justice & Justice* (by brief), for plaintiff.
*Mr. J. A. Forney* (by brief), for defendant.

SHEPHERD, C J.: In the absence of fraud, Mrs. Withrow, the grantee in the unregistered deed, was the equitable owner of the land in controversy. *Ray* v. *Wilcoxson,* 107 N. C., 515. The land was sold under execution against her grantor and was purchased by the plaintiff through his agent. There was testimony tending to show that this agent was notified at the sale, and before the bidding, of Mrs. Withrow's claim under the said unregistered deed. The Court charged the jury that the notice to the agent was not notice to his principal, and that only "actual" notice to the latter could affect him with the equitable claim of Mrs. Withrow. The proposition that notice to an agent, when acting within the scope of his employment, is binding upon his principal, is an elementary principle of law, which we do not understand to have been denied by his Honor. The ruling seems to have been based upon the language of the *proviso* in the Act of 1885 (chap. 147, sec. 1), in which it is declared that the said act shall

not apply to one who purchases with " actual or constructive notice" of an unregistered deed.

The Court apparently was of the opinion that " actual notice," as used in the statute, was synonymous with actual knowledge or personal notice. In this there was error. " To qualify the rule in this manner, the notice which is given through an agent would be to cut off entirely from the possibility of notice a large class of litigants in cases requiring actual notice. * * * If the agent has actual notice, the principal is charged with notice of the *same kind*. * * * But if we wish to state the rule with greater accuracy, its true meaning may be given by stating it as universally understood, that notice to an agent is *equivalent* to notice to the principal." Wade on Notice, section 672.

If it were otherwise, an agent would be employed whenever it was convenient to remain in ignorance. *Bank* v. *Davis*, 2 Hill, 461. Lord BROUGHAM says the reason of the rule is that the " policy and the safety of the public forbid a man to deny knowledge while he is so dealing as to keep himself ignorant, and yet all the while let his agent know, and himself perhaps profit by that knowledge." *Kennedy* v. *Green*, 3 Mylune & Keen, 699.

The plaintiff, however, insists that the *proviso* to which we have referred does not extend to purchasers at Sheriffs' sales and that the error in the charge as to notice was therefore harmless. This is true in respect to constructive notice arising out of actual possession (see this case in 109 N. C., 636), but the reasoning upon which the decision is founded has no application to actual notice. Indeed, the Court plainly intimates that actual notice to such purchaser will save the rights of a grantee in an unregistered conveyance, and we are of the opinion that such is the law.

We see no force in the contention that the notice should not have the effect of impairing the rights acquired under the lien of the docketed judgment. .A judgment lien and exe-

cution operate only upon the interest of the judgment debtor, and the purchaser at an execution sale, takes only such rights as he possessed.   *Rollins* v. *Henry*, 78 N. C., 352; *Rutherford* v. *Green*, 2 Ired. Eq., 121.

This principle is unaffected by the act under consideration, except, as has been held in the particular instance of an unregistered conveyance, when no notice has been given at or before the execution sale.

New Trial.