ANNIE STEIN v. W. S. COZART et al.

(Decided May 24, 1898.)

### Attachment—Intervenor—Action on Indemnifying Bond —Estoppel—Practice.

1. Where property was seized and sold by a sheriff as the property of I under attachment proceedings and, upon the intervention of A, the latter was adjudged to be true owner and entitled to receive the proceeds of sale paid into court by the sheriff, less his costs and expenses, *Held* that A was not estopped thereby from recovering in a separate action against the sheriff and his sureties the value of such property, less the amount so received by her as intervenor in the attachment suit.

2. A sheriff, who in attachment proceedings wrongfully seizes and sells property which is subsequently adjudged to belong to an intervenor, cannot retain the costs and expenses of the seizure and sale.

3. One, who intervened in attachment proceeding and, upon being adjudged owner of the property seized, brought an action against the sheriff and the makers of an indemnifying bond to recover the property or its value, is not entitled to recover, in such action, the per diem and mileage of a witness, in her behalf, in the suit in which she intervened. Such costs should have been taxed in the suit in which she intervened.

4. Under the present procedure it is not necessary for the owner of property wrongfully seized and sold by a sheriff to first obtain a judgment against the sheriff and then institute another action on his indemnifying bond; on the contrary, the rights of all the parties can be adjudged in a single action against the sheriff and the maker of the indemnifying bond.

CIVIL ACTION to recover damages for the unlawful and wrongful conversion of a stock of goods belonging to plaintiff, brought by the latter against the defendant Cozart, as sheriff, and the other defendants, as makers of an indemnifying bond, and tried before *Adams, J.*, and a jury at November Term, 1897, of GRANVILLE Superior Court. The facts appear in the opinion. There was a verdict for the plaintiff, and from the judgment thereon the defendants appealed.

*Messrs. Hicks & Minor* and *T. T. Hicks* for plaintiff.
*Messrs. Shaw & Shaw* for defendants (appellants).

CLARK, J.: The plaintiff's goods were taken by defendant, Cozart, as sheriff of Granville county, on certain attachments issued at the instance of defendants, Baker, Ginsberg and others, in an action begun by them in Vance county against I. Stein. The defendant Cozart, being informed that the plaintiff here (Annie Stein) claimed to own the goods, refused to attach them till an indemnifying bond was given by The Fidelity and Deposit Co. of Maryland as surety (who is a defendant herein). The plaintiff intervened in said action and was adjudged the owner of the goods and, they having been sold *pendente lite*, by order of the Court, recovered judgment for the proceeds of said sale and the costs. The defendant Cozart paid into Court, in Vance, the net sum of $236.53, being the proceeds of the sale by him, $295.00, less $52.47 expended for the expenses of the seizure and sale. Of this $236.53 the plaintiff was paid $229.43 by the clerk of Vance Superior Court.

This action is for the wrongful seizure of goods by the defendant Cozart. The plaintiff is entitled to recover the value of the goods (less the sum of $236.53 paid into the office of Vance Superior Court by Cozart) and the costs of this action. The Court properly held that, as against the plaintiff, the true owner of the goods, the defendant Cozart could not retain the $52.47, which he had deducted out of the proceeds for expenses of seizure and sale, but erred in permitting the plaintiff to recover $9.95 for per diem and mileage of a witness in her behalf in the Vance county case. This seems to have been allowed on the ground that though taxed in that case it had not been collected, but the costs of in-

tervening and proving her title in the suit in Vance was
not the direct and necessary consequences of the wrong-
ful seizure of the plaintiff's goods by the defendant Co-
zart.    The plaintiff might have relied solely upon this
action for her redress.    *Davis* v. *Garrett,* 25 N. C.,
459.    She chose also to intervene and assert her title
to the goods in the Vance county case, but she must look
to the judgment in that case and to the defendants there-
in who resisted her recovery for the costs of that trial.
Such costs cannot be taxed against Cozart, who did
not resist her recovery of judgment in that case and who
is in no-wise responsible for the costs she incurred therein.
He is only responsible for the value of the goods less the
sum he paid in and the costs of the present action.

The plaintiff, by accepting in that case the net sum
paid into Court from the sale, is not estopped from pro-
ceeding in this action to recover the actual value of the
goods wrongfully seized, less so much of the proceeds
of the sale as were paid over to her, and the judgment
in the case where she intervened awarding the net pro-
ceeds of the sale to her is not *res judicata* of her cause
of action in this case, and, in fact, the judgment in that
case, out of abundant caution, expressly reserves and
excepts her right to bring this action for damages in
the wrongful taking of the goods.    The sheriff not be-
ing a party to the former action she is not estopped to
proceed against him for the actual value of the prop-
erty taken and he is only entitled to a deduction for the
value of the property returned, or the nett proceeds
thereof paid over into the Court for her.

The defendant, The Fidelity and Deposit Co., being
surety to the indemnifying bond executed to Cozart,
sheriff, to seize the plaintiff's goods, she is entitled to
judgment against them in this action.    It is not neces-

sary under the present procedure to obtain judgment against the sheriff, and then institute another proceeding to obtain the benefit of the bond he took for his own indemnity, but the rights of all the parties will be adjudged in this action.

The error in instructing the jury, if they believe the evidence, to include the sum of $9.95 disbursed for plaintiff's witness in the other suit can be corrected by eliminating that sum from the judgment.    There being no other error, the judgment will be thus

Modified and affirmed.