BELL v. COUCH.

(Filed April 21, 1903.)

1. EVIDENCE—*Deeds—Probate—Acknowledgments.*

The fact that a deed has been three times probated and registered
–does not affect its competency as evidence.

2. DEEDS—*Description—Parol Evidence—Wills.*

A will describing land devised as "one-half of the remainder of my
farm including the house wherein I now live" is not too indefinite to exclude identification by parol evidence.

3. DEEDS—*Registration—Wills—Acts 1885, Ch. 147—The Code, Sec. 1245.*

Acts 1885, Ch. 147, requiring conveyances of land, contracts to convey and leases to be recorded apply when the grantee in a deed
fails to record his deed until after the probate of a will of the grantor devising the same land, and after the registration of a deed for the same land from the devisee to a purchaser for value.

BELL *v.* COUCH.

ACTION by W. F. Bell and others against J. B. Couch, heard by Judge *Francis D. Winston* and a jury, at May (Special) Term, 1902, of the Superior Court of WILKES County. From a judgment for the plaintiffs the defendants appealed.

*T. B. Finley,* for the plaintiffs.
*F. B. Hendren,* for the defendants.

CONNOR, J. This is an action brought by the plaintiffs pursuant to Chapter 6, Laws 1893, for the purpose of removing a cloud from and quieting the title to the real estate described in the complaint.

The plaintiffs allege that they are the owners and in possession as tenants in common of a tract of land situated in Wilkes County, fully described in the complaint, containing six acres. That the defendant claims an estate or interest therein adverse to them. They ask that such adverse claim may be determined by the court and for such other and further relief as may be appropriate, etc. The defendant denies that the plaintiffs are the owners of the land in controversy and alleged that he is the owner thereof. The plaintiffs upon the trial introduced in evidence the will of Geo. Parks, bearing date January 17, 1894, and admitted to probate and registration December 14, 1898. The portions of said will material to the decision of the question presented are as follows: "Item I. I will and bequeath unto my oldest daughter, Julia, four acres of land where she now lives and one dollar in cash." "Item II. I will and bequeath unto my son Felix one half of the remainder of my land, including the dwelling house, whereon I now live."

Plaintiff introduced a deed from Felix Parks to Henderson Allen bearing date June 13, 1895, conveying, in consideration of Fifty Dollars, "my entire interest in the tract of land whereon I now live known as the homestead of my father,

George Parks, deceased, adjoining the lands of Elmira Parks, Mrs. Sprinkle and Elijah Parks," etc., recorded December 14, 1898. The defendant objected to the introduction of this deed. There seems to have been some doubt in the minds of the parties in regard to the probate, as they procured a second and third probate and registration. The defendant states his objection to be that the deed consists of two distinct instruments. His Honor overruled the objection and defendant excepted. We concur with his Honor's ruling and think that the deed was properly admitted in evidence.

Henderson Allen conveyed the same land to the plaintiffs January 7, 1899. This deed was recorded January 9, 1899.

Defendant introduced a deed from George Parks to himself dated, September 30, 1891, and recorded March 16th, 1899. The defendant objected to any evidence tending to locate the land claimed by the plaintiffs for that the description contained in the will was too indefinite to be aided by parol evidence. The objection was overruled and the defendant excepted. His Honor's ruling was correct. The description "one-half of the remainder of my farm, including the house," etc., may be aided by parol evidence. If the words "my farm" stood alone it would be competent to show that the testator had but one farm. The only difficulty suggested, that there is no reference to the County or State in which it is located, is removed by the words "including the house whereon I now live." This language brings the case clearly within the principle announced in *Farmer v. Batts,* 83 N. C., 387, in which the cases in our Reports are cited and classified. See also *Thornburg v. Masten,* 88 N. C., 293. The devisee took a one-half undivided interest in the land with the right, when partitioned, to have his share so allotted as to include the house.

There was testimony tending to locate the land in controversy as a portion of the land devised to Felix Parks, and

conveyed by him to Henderson Allen and by Allen to plaintiffs. There was also testimony tending to show that it is the same land conveyed by George Parks to the defendant. It was conceded that plaintiffs and the defendant derived their title from and claimed under George Parks. The issue was therefore directed to the inquiry as to which had the better title. His Honor instructed the jury "That if the land embraced in the deed to Bell and Poplin—the six acres—is included in the land willed to Felix Parks, they would answer the issue as to the ownership "Yes." The exception thereto presents the question and its solution is dependent upon the construction of Chapter 147, Laws of 1885. It was contended that the language of the Act included wills and that no devise would be valid until the will was proven and recorded. It will be observed that the Act of 1885 is an amendment to Section 1254 of The Code, which applies only to deeds, contracts to convey and leases of land. The statute is directed to the protection of creditors and purchasers for value. The evil which it was intended to remedy was the uncertainty of title to real estate caused by persons withholding deeds, contracts, etc., based upon a valuable consideration from the public records. This evil could not exist in regard to wills, as the devisee was not a purchaser for value, but took as donee or volunteer. When there is a doubt in regard to the meaning of language used in a statute that construction should be adopted which will suppress the evil and advance the remedy; and that meaning should be given to words which is well known and received in general use. Potter's Dwarris on Statutes, 186. While in a certain sense a will is a conveyance of real estate, in common, we may say in legal language it is not so understood or referred to. The one who takes, comes to his estate by purchase and not by descent, but he is a "devisee" and not a "grantee." We do not think, looking to the purpose of the Legislature, and the meaning of

the language used, that the statute can by construction, include wills, under the general term "conveyance." George Parks in 1881 conveys the *locus in quo* to the defendant, who withholds his ·deed from the record until March 16th, 1899. Parks in the meantime executes a will devising the same land to his son Felix and dies in 1894. The will is proven and recorded December 14, 1898. Felix for value conveys to Allen by deed, recorded December 14, 1898, who conveys for value to plaintiffs, by deed recorded January 9, 1899—all prior to the registration of the defendant's deed. The plaintiffs are purchasers for value, with deed recorded prior to that of the defendant and are clearly within the provisions of the statute. The case comes clearly within the mischief intended to be remedied. Defendant for some reason withholds his deed from registration until March 16, 1899. The plaintiffs, relying upon the record to disclose the condition of the title purchases the land for a valuable consideration. The deed to the defendant, as against him, was valid only from registration, or as was said by Reade, J., in *Robinson v. Willoughby,* 70 N. C., 358—"took effect only from and after registration just as if it had been executed then."

The judgment of his Honor was correct and must be

*Per Curiam.* Affirmed.