TYNER v. BARNES.

(Filed September 25, 1906).

*Fraud—Evidence—Purchaser for Value—Registration Act—Appeal and Error.*

1. In an action against two defendants to set aside a deed of trust for fraud, where a conversation with one of the defendants, tending to show fraud on the part of both was introduced without objection, and there was no motion to strike it out, nor request that the same be confined in its effect to the issue as to fraud on the part of the declarant, an objection to the validity of the trial on this ground is not open to the other defendant.

2. In an action to set aside a deed of trust for fraud, where there was evidence tending to show that the deed of trust was not for the purpose of securing a *bona fide* debt, but that the whole transaction was a colorable arrangement to secure a feigned debt with the design and purpose to deprive the plaintiff of his security, a motion of nonsuit was properly denied.

3. Where the jury found that the defendant, whose deed of trust was registered prior to the plaintiff's deed older in date, was not a purchaser for value, but a volunteer, it is not required to defeat the defendant's claim that there should have been any actual fraud on his part.

4. Our registration act, Revisal, sec. 980, for lack of timely registration only postpones or subordinates a deed older in date to creditors and purchasers for value. As against volunteers or donees, the older deed, though not registered, will, as a rule, prevail.

ACTION by G. W. Tyner against Joseph Barnes and others, heard by *Judge T. J. Shaw* and a jury, at the January Term, 1906, of the Superior Court of NORTHAMPTON.

There was evidence tending to show that on 22 January, 1900, the plaintiff sold and conveyed to Joseph Barnes a tract of land in Northampton County, and Joseph Barnes at the same time executed to the plaintiff a mortgage to secure the purchase-money. The plaintiff failed at the time to have the mortgage recorded; that on 12 January, 1901, Joseph Barnes executed to the defendant D. C. Barnes, trustee, a deed of trust on the same tract of land, the deed purporting to secure a stated indebtedness of $75 to the defendant W. S. Ricks, and the deed was duly recorded shortly after its execution and before the registration of the mortgage executed to the plaintiff. When the alleged debt to Ricks matured, according to the provisions of his deed, the trustee advertised the land, when the plaintiff instituted the present action and obtained a restraining order, which was continued to the hearing, and filed his complaint alleging that the transaction between Barnes and Ricks was a fraudulent contrivance entered into for the purpose of cheating and defrauding the plaintiff of his debt and security, and, as a matter of fact, there was no money or valuable consideration for the alleged indebtedness secured by the deed of trust, but said deed of trust was executed and taken on the part of Joseph and D. C. Barnes and W. S. Ricks with intent to cheat and defraud the plaintiff.

The defendant denied each and all of these allegations, and alleged that the debt was *bona fide* and the deed executed in good faith.

There were four issues responded to by the jury, and the verdict established: (1) That the deed was executed by Barnes with intent to cheat and defraud the plaintiff. (2) That the defendant Ricks procured the execution and registration of the deed with like intent. (3) That the defendant Ricks advanced no money to Joseph Barnes before receiving said deed. (4) Joseph Barnes had never tendered the plaintiff his debt. On the verdict there was judgment for the plaintiff, and the defendant excepted and appealed.

*B. B. Winborne* for the plaintiff.

*Peebles & Harris* and *Mason & Worrell* for the defendants.

HOKE, J., after stating the case: The only objection to the validity of this trial, urged upon our attention by the appellant, was to a certain portion of the plaintiff's testimony in which he gave a conversation between the plaintiff and Joseph Barnes, as follows: "Barnes told me that Ricks had said to him that he (Ricks) had found out the plaintiff's mortgage was not recorded, and that if Barnes would give him a mortgage he (Ricks) would cut the plaintiff out of his money." The objection being that this was a declaration of Barnes, not in the presence of Ricks and after Barnes had executed the deed of trust securing the alleged indebtedness to Ricks.

The objection is not well taken. The evidence was certainly competent against Barnes, the declarant; and, besides, no objection or exception to the testimony appears anywhere in the record or case on appeal. It was not objected to when offered; there is no motion to strike it out, and no request that the same be confined in its effect to the issue as to fraud on the part of Barnes. The objection, therefore, is not open to the defendant. *Bridgers v. Bridgers,* 69 N. C., 454; *State v. Ballard,* 79 N. C., 627; *McKinnon v. Morrison,* 104 N. C., 363.

We find in the record another exception to the refusal of the Judge to dismiss the cause as on motion of nonsuit on the ground that there is no evidence to show fraud sufficient for the consideration of the jury, and this objection cannot be sustained. Without going into a detailed statement of the testimony, we are of opinion that there is evidence tending to show that this deed of trust was not for the real purpose of securing a *bona fide* debt, but that the whole transaction was a colorable arrangement to secure a feigned or pretended debt with the design and purpose to deprive the plaintiff of his security.

Apart from this, the jury in response to the third issue have found that Ricks advanced no money to Barnes as a consideration for the note and deed of trust. The issue is not framed with the scope or precision that is desirable, but, taken in connection with the pleadings and the testimony, the verdict on the third issue was evidently intended to mean, and by fair intendment could only mean, that Ricks was not a purchaser for value, but a volunteer. If this is true, it is not required to defeat his claim that there should have been any actual fraud on his part, and any error on that question would be harmless. Our registration act, Revisal, sec. 980, for lack of timely registration only postpones or subordinates a deed older in date to creditors and purchasers for value. As against volunteers or donees, the older deed, though not registered, will, as a rule, prevail. There is no error, and the judgment below is

Affirmed.