L. B. HARRIS v. DUDLEY LUMBER COMPANY.

(Filed 20 May, 1908).

1. Deeds and Conveyances — Devises — Innocent Purchasers for Value—Suits—Parties—Strangers.

When under a registered deed the grantee conveyed the land to an innocent purchaser for value, the defendant in the present suit, and thereafter suit was brought by an adverse claimant under a will, who was therein decreed to be the owner, the decree, unappealed from, is conclusive as between the parties, but has no effect upon the present defendant, who was not a party thereto and who obtained a prior title.

2. Deeds and Conveyances—Registration—Notice—Wills, Book of.

No notice, however full and explicit, can supply the place of registration, and the statute as to registration (Revisal, sec. 980)

does not apply to wills. Therefore it is not necessary to examine the book of wills to see if the grantor of lands has devised them, or a part thereof, to another, and actual notice thereof will not affect the title conveyed by a registered deed. (The question of ademption or revocation and of election discussed by CLARK, C. J., and held inapplicable).

ACTION for trespass, tried before *Ward, J.,* and a jury, at November Term, 1907, of CALDWELL.

Plaintiff appealed.

*Mark Squires* for plaintiff.
*Jones & Whisnant* for defendant.

CLARK, C. J. On 1 February, 1892, R. A. Harris executed to E. R. Harris a deed for eighty-three acres of land, which was registered 29 March, 1892. On the death of R. A. Harris, in December, 1892, E. R. Harris, his son, qualified as executor, being so named in his will, which had been made in 1884. By the terms of the will thirty-nine acres of aforesaid eighty-three acres were devised to L. B. Harris, his brother. In July, 1903, by deed duly registered, E. R. Harris conveyed the timber on the eighty-three-acre tract and also timber upon other lands to the defendant, who cut it in 1906. In September, 1905, L. B. Harris began his action against E. R. Harris to remove cloud on his title to that part of the eighty-three acres, *i. e.,* thirty-nine acres, embraced in the devise to him, and at January Term, 1907, obtained a decree declaring plaintiff to be the owner of the lands devised to him. This action was begun 14 February, 1907, against the defendant for cutting the timber on said thirty-nine acres. The defendant pleaded in defense that it was a *bona fide* purchaser for value, without notice of plaintiff's claim.

The court held that the plaintiff was not the owner of the timber which had been cut off the thirty-nine acres, and the exception to this ruling is the only point presented.

In this there was no error. The decree of January, 1907, unappealed from, is conclusive as between L. B. Harris and E. R. Harris, but has no effect upon the defendant, who was not a party thereto and obtained its title prior thereto. E. R. Harris obtained title to the land by deed from his father in February, 1892, and when the defendant took its deed from E. R. Harris there was no subsequent conveyance or encumbrance from E. R. Harris registered. It was not required to examine the book of wills to see whether R. A. Harris had attempted to devise to L. B. Harris a part of the land which he had conveyed to E. R. Harris. Concurring opinion in *Allen v. Allen,* 121 N. C., 335.

Even if the defendant had received notice of such fact, nothing but a prior conveyance or encumbrance duly registered could affect the conveyance to the defendant. No notice, however full and explicit, can supply the place of registration. *Blalock v. Strain,* 122 N. C., 280, and cases cited. Besides, the statute as to registration (Revisal, sec. 980) does not apply to wills. *Bell v. Couch,* 132 N. C., 346. The registration of a will is not notice.

It is not necessary to decide the point; but if it were, it admits of question whether, even as between L. B. Harris and E. R. Harris, the latter, in 1892, was put to his election. The deed to the latter in 1892 was an ademption or revocation of the devise of the same land written in the will in 1884, and it would seem that the will should be construed as revoked as to said tract. However, we do not pass upon the point. It is certain that if L. B. Harris had the equity to enforce election against his brother the decree to that effect obtained in January, 1907, in an action begun in September, 1905, could not affect the title of the defendant, whose deed from E. R. Harris was registered in July, 1903.

Affirmed.