**MARYLAND CASUALTY CO. v. FOWLER et al.**

District Court, M. D. North Carolina. June 21, 1928.

No. 6.

**1. Mechanics' liens ⟐⟐13—Laborers' and materialmen's liens cannot be filed against public buildings in North Carolina.**

Under the laws of North Carolina, no laborers' or materialmen's liens can be filed against public buildings.

**2. Schools and school districts ⟐⟐81(2)—Provision of contractor's bond, restricting right of recovery to obligee to exclusion of materialmen and laborers, held void (C. S. N. C. § 2445).**

Under C. S. N. C. § 2445, provision of school building contractor's bond restricting right of recovery to obligee, so as to exclude materialmen and laborers from protection thereunder, held void.

**3. Schools and school districts ⟐⟐81(2)—Failure to complete building on specified date held not default, within provision of contractor's bond for notice within 10 days after default.**

Where there was no provision in school building contract for penalty for delay in completion, and time of completion was not of its essence, failure to complete the building on a specified date was not a default, within provision of bond for notice to surety of default within 10 days thereafter; notice within 10 days after abandonment being sufficient.

**4. Schools and school districts ⟐⟐81(2)—Building contractor's surety, with notice of default, could not avoid liability for want of formal notice, under provision for notice within 10 days after default.**

School building contractor's surety, having actual notice through its agent of contractor's default, could not escape liability for want of formal notice thereof under provision for notice within 10 days after default.

**5. Schools and school district ⟐⟐81(2)—Contractor's bond should be liberally construed.**

School building contractor's bond should be liberally construed.

**6. Schools and school districts ⟐⟐81(2)—Notice to local agent of building contractor's default held notice to surety.**

Actual notice to local agent of school building contractor's surety of contractor's default *held* notice to surety.

In Equity. Suit by the Maryland Casualty Company against E. W. Fowler and others. Decree in accordance with recommendations of special master.

Swink, Clement & Hutchins, of Winston-Salem, N. C., and W. H. Beckerdite, of Concord, N. C., for plaintiff.

Brooks, Parker, Smith & Wharton, King, Sapp & King, Broadhurst & Robinson, and Hines, Kelly & Boren, all of Greensboro, N. C., Glidewell, Dunn & Gwyn, of Reidsville, N. C., and Allen Austin, of High Point, N. C., for defendants.

HAYES, District Judge. Plaintiff brings this suit in equity to determine its liability, if any, upon a contractor's indemnity bond, which, on July 10, 1922, it executed as surety for E. W. Fowler, principal, in favor of the county board of education of Rockingham county, Wentworth, N. C., in the sum of twenty-two thousand dollars ($22,000). The bond contains, among others, these two provisions:

"Whereas, the principal has entered into a written contract dated June 21, 1922, with the obligee, for the erection of a graded school building, Leaksville township district, Draper, N. C., in accordance with plans and specifications prepared by Willard C. Northrup, architect, a copy of which is hereto annexed, and which contract is made a part hereof, as fully as if recited at length herein:

"Now, therefore, the condition of this obligation is such that, if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise, to remain in full force and effect. * * *

" * * * That in the event of any default on the part of the principal in the performance of any of the provisions and conditions of said contract a written statement of such default with full details thereof shall be delivered to the surety promptly, and in any event within ten (10) days after the obligee shall learn of such default. That at the option of the surety it shall have the right within thirty (30) days after the receipt of such statement to proceed, or procure others to proceed, with the performance of such contract. * * * That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee herein named."

The contract referred to contains these provisions:

"The contractor shall and will provide all the materials and perform all the work for the erection of a grade school building, Draper, N. C., Leaksville township district, as shown on the drawings revised June 21, 1922, and described in the specifications prepared by Willard C. Northrup, architect, which drawings and specifications are iden-

tified by the signature of the parties hereto, and become hereby a part of this contract. * * * Work to be started at once and pushed to completion with all possible speed in accordance with good work, so that the building will be finished by November 15, 1922, or sooner, if possible."

The specifications referred to in the contract and made a part thereof contain these provisions:

"Bond.—Contractor is to furnish and pay for a satisfactory surety bond, equal to fifty (50) per cent. of the contract price, as a guarantee that building will be built as per plans and specifications, and that the contract will be complied with and all bills for labor and material used on this work will be. paid for in full."

The contract price for the erection of the building was $44,489.80. The contractor began the erection of the building, but did not complete it on November 15, 1922, and he continued to work on it until about February 20, 1923, at which time he abandoned the work, and on February 24, 1923, the school authorities notified the surety of the abandonment by its principal and demanded that it complete the erection of the building. This the surety refused to do, whereupon the school board let the contract for the completion of the building to another, and the building cost the school board $9,167.50 more than the original contract price, not including materials, aggregating $4,481.73, which Fowler, the contractor, had failed to pay for.

The plaintiff contends that it was not liable under the bond, because the contract was breached when the principal failed to complete the building on November 15, 1922, and the school board failed to give notice of the default within 10 days, as specified in the bond; and it further contends that in no event could it be liable to the materialmen for the $4,481.73. Issues being joined by the respondents, the cause was referred to Maj. J. E. Alexander, of Winston-Salem, N. C., as special master. He took the evidence and filed his report, and held that the surety company was liable on the bond to the school board for $9,167.74 and to the various materialmen for $4,481.73. Exceptions were filed to this report by the plaintiff. Upon a careful review of the entire record, I find that there is evidence to support the findings of the special master, and therefore overrule the exceptions, and the report of the special master is affirmed.

[1, 2] Under the laws of the state of North Carolina, no laborers' or materialmen's liens can be filed against public buildings. Accordingly the Legislature has made provisions to protect the laborers and materialmen on municipal buildings, by requiring the contractors thereon to furnish bonds to pay for the materials and labor. See C. S. § 2445. The leading case in North Carolina construing that statute is Ingold v. Hickory, 178 N. C. 614, 101 S. E. 525. The Ingold Case holds that a provision in the bond restricting the right of recovery to the obligee is void, and that materialmen and laborers can sue on the bond. Since the bond in this case incorporates the contract and specifications into it, the bond shows the intention on the part of the school board authorities to require the bond to be in accordance with the statutes of North Carolina, and also that the plaintiff undertook to give such a bond.

Since the Ingold Case there have been many similar cases before the Supreme Court, and the case of Page Trust Co. v. Construction Co., 191 N. C. 664, 132 S. E. 804, distinguishes the cases relied on by plaintiff from this one. In that case there was no provision in the bond or the contract requiring the contractor to pay for the materials or labor. In the instant case there is an express provision that the contractor will pay for the materials and labor and that he will give a bond guaranteeing that he will do so. The law applicable to the facts in the instant case is clearly and ably stated in the opinion of Circuit Judge Parker in Hartford Indemnity Co. v. Board of Education (C. C. A.) 15 F.(2d) 317, and no further authorities need be cited.

[3-5] It is insisted, however, that the bond was discharged when the contractor failed to complete the building on November 15, 1922, and notice of such default was not given the surety within 10 days. There was evidence to show that the agent of the plaintiff, who wrote the surety bond and collected the premium thereon, lived at Leaksville, very near Draper, N. C., and had actual notice of the progress of the work, and that the company required him from time to time to furnish it with information concerning it. There was no provision in the contract providing any penalty for a delay in the completion of the contract. A careful perusal of the contract discloses that the time of the completion of the contract was not of its essence. Weather conditions, strikes, and railroad facilities affected thereby were such as to cause the delay, and the principal proceeded as rapidly as he could under these conditions with the construction of the building, and did not abandon the work until

about February 20, 1923. Notice of the default was given within 10 days thereafter.

If the failure to complete the building on November 15, 1922, constituted a default, which, under the circumstances, it did not, nevertheless the plaintiff had notice through its agent, and should not, in a court of equity, be permitted to escape its liability on account of a want of more formal notice. The law applicable to this question is well stated in Community Building v. Maryland Casualty Co. (C. C. A.) 8 F.(2d) 678, where it is held that a surety bond should be construed liberally, and the court should only release the surety when the contract fixes liability on the contractor for liquidated damages in the event of delay. The case construes a similar bond, made by this same company, and awards a recovery against the surety company. The same rule of liberal construction applies in North Carolina. See Bank v. Fidelity Co., 128 N. C. 366, 38 S. E. 908, 83 Am. St. Rep. 682.

The special master found that the surety company sustained no special damage because the building was not completed by November 15, 1922, and that the contractor performed 10 per cent. of the contract from November 15 to the date of the abandonment. Therefore no practical injustice was done to the surety, and it in fact gained by the school board permitting Fowler to continue work.

[6] On the question of whether notice to a local agent is notice to the company, the position taken herein is supported by the following authorities: Wade on Notice, § 672; Birmingham Trust Co. v. La. National Bank, 99 Ala. 379, 13 So. 112, 20 L. R. A. 600; Farmer v. Williard, 71 N. C. 284; Cowan v. Withrow, 111 N. C. 306, 16 S. E. 397; National Life Insurance Co. v. Grady, 185 N. C. 353, 117 S. E. 289.

A decree will be entered in accordance with the recommendations of the special master.