C. A. GOSNEY, TRUSTEE, v. E. H. McCULLERS ET AL.

(Filed 2 March, 1932.)

**Deeds and Conveyances B b—Unregistered deed, good as between the parties, is valid as against creditors of heir at law of the grantor.**

> Only creditors of the donor, bargainor, or lessor, and purchasers for value are protected against an unregistered deed, contract to convey, or lease of land for more than three years, C. S., 3309, and such protection does not extend to the creditors of an heir at law of a grantor in a deed which has not been registered, the heirs at law of a deceased taking only the undevised inheritance of which the ancestor was seized at the time of his death, C. S., 1654.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at November Special Term, 1931, of JOHNSTON.

Civil action to determine plaintiff's alleged right to sell an undivided one-third interest in a tract of land in the possession of defendants.

The facts are these:

1. On 5 December, 1910, Ashley Horne and wife, for a valuable consideration, executed a deed, with full covenants of warranty, conveying a house and lot in the town of Clayton to E. H. McCullers and wife, Nellie Horne McCullers, for life, remainder to their daughter, Melba McCullers, in fee.

2. The grantees immediately took possession of said house and lot and have continuously occupied the same as owners thereof, though their deed was not registered until 17 August, 1929.

3. In the meantime, on 22 October, 1913, Ashley Horne died intestate leaving him surviving his widow and three children, Chas. W. Horne, Nellie Horne McCullers and Swannanoa Horne Priddy, as his only heirs at law.

4. None of the heirs of Ashley Horne has made any claim to the house and lot in question, nor is any now claiming an interest therein, but all have recognized the defendants as the true owners thereof.

5. On 31 May, 1927, Chas. W. Horne, was adjudged a bankrupt by the District Court of the United States, and the plaintiff duly appointed trustee of his estate.

6. The plaintiff, as such trustee, brings this action alleging that, under the bankruptcy act, he is deemed to be vested with all the rights, remedies and powers of a creditor of Chas. W. Horne (*Lynch v. Johnson,* 171 N. C., 611, 89 S. E., 61; *Hinton v. Williams,* 170 N. C., 115, 86 S. E., 994), and that in the exercise of said rights he is entitled to sell an undivided one-third interest in the *locus in quo.*

From a judgment for the defendants, rendered on the above facts agreed, the plaintiff appeals, assigning error.

*Parker & Lee for plaintiff.*
*No counsel appearing for defendants.*

STACY, C. J. Is an unregistered deed, admittedly good as between the parties, valid as against the trustee in bankruptcy of an heir of the grantor? We think it is.

An heir takes only the undevised inheritance of which the ancestor was seized at the time of his death. C. S., 1654. And by the express terms of the Connor Act, chapter 147, Laws of 1885, now C. S., 3309, only creditors of the donor, bargainor, or lessor, and purchasers for value, are protected against an unregistered conveyance of land, contract to convey, or lease of land for more than three years. *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494; *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32; *Harris v. Lumber Co.,* 147 N. C., 631, 61 S. E., 604.

Conveyances of land, contracts to convey, and leases of land for more than three years, are declared invalid to pass any property as against creditors of the donor, bargainor or lessor, and purchasers for a valuable consideration, "but from the registration thereof within the county where the land lies"; and as to these creditors and purchasers for value, such conveyances, contracts to convey and leases are to take effect only from and after registration, just as if they had been executed at the time of, and not before, their registration. *Robinson v. Willoughby,* 70 N. C., 358.

The decision in *Bell v. Couch,* 132 N. C., 346, 43 S. E., 911, and *Cowen v. Withrow,* 109 N. C., 636, 13 S. E., 1022, on rehearing 112 N. C., 736, 17 S. E., 575, cited and relied upon by plaintiff, are distinguishable from our present holding, in that, in the cited cases, the rights of purchasers for value claiming under deeds of prior registration, and not those of creditors or the trustee in bankruptcy of an heir of the grantor, as here, were presented for determination.

Affirmed.