EUGENIA TWITTY v. MRS. MINNIE COCHRAN, ADMINISTRATRIX OF THE ESTATE OF JOHN COCHRAN, DECEASED; AND MRS. MINNIE COCHRAN, INDIVIDUALLY.

(Filed 12 October, 1938.)

1. **Deeds § 10a—Connor Act extends protection only to creditors and purchasers for value.**

Where the verdict of the jury establishes that plaintiff's deed was voluntary and was executed fraudulently, in which fraud plaintiff participated, for the purpose of depriving defendant of her life estate in the

land, theretofore created by paper writing executed by plaintiff's grantor, the Connor Act, C. S., 3309, does not apply, and defendant's rights are superior to those of plaintiff under the registered deed, even though the paper writing giving defendant a life estate was not registered, since the protection of the Connor Act extends only to creditors and purchasers for value.

**2. Deeds § 6—**

A voluntary deed is good as between the parties, even though executed for the fraudulent purpose, participated in by the grantee, of depriving a third person of a life estate created by a prior unregistered paper writing executed by the grantor.

**3. Ejectment § 16—Judgment in this action in ejectment held erroneous as exceeding the bounds authorized by the verdict.**

Defendant claimed a life estate in the *locus in quo* under an unregistered paper writing. Plaintiff was the grantee in a registered deed subsequently executed by the same grantor. The jury found from the evidence under a correct charge that the deed was a voluntary conveyance executed for the purpose of depriving defendant of her life estate under the unregistered paper writing. *Held:* Upon the verdict defendant was entitled to judgment that plaintiff is not entitled to the possession of the *locus in quo* as against defendant, and is not entitled to recover rents therefor, and that the rights acquired by plaintiff under her deed are subordinate to the rights of defendant under the paper writing, and judgment declaring plaintiff's deed to be void and ordering it canceled of record, and adjudicating that defendant is entitled to a life estate in the land under her paper writing, is erroneous as exceeding the bounds authorized by the verdict.

**4. Judgments § 17b—**

Judgment in this case *held* for error in exceeding the bounds authorized by the verdict.

APPEAL by plaintiff from *Johnston, J.,* at April Term, 1938, of RUTHERFORD. Modified and affirmed.

This is an action in common law ejectment, in which the plaintiff seeks to recover possession of approximately 2½ acres of land now occupied by the defendant Minnie Cochran, and to recover rents therefor.

At the hearing it was agreed that there was no controversy as to the actual boundaries of the land, same being known to both parties and easily located, and that, therefore, neither the plaintiff nor the defendant need encumber the record with evidence tending to locate the boundaries of the land in question as ordinarily required.

The *locus* was originally owned by R. M. Twitty, father of the plaintiff. About ten years ago R. M. Twitty executed and delivered to John Cochran, now deceased, and his wife, Minnie Cochran, the defendant, a paper writing in words and figures as follows: "This agreement entered into this day between R. M. Twitty, party of the first part, and John Cochran and wife Minnie Cochran, parties of the second part, the said

R. M. Twitty, party of the first part, has agreed to give free of rent the house known as the Giving house near the Giving spring on back side of his farm, together with the land on north side of spring branch to the spring, embracing about three acres, so long as he lives and during his wife's life or widowhood if they wish it. The said John Cochran and wife Minnie Cochran, parties of the second part, agree to keep the building and land in repairs and pay its proportional part of tax." Upon receipt of said paper writing John Cochran and his wife entered into possession of said land, repaired the house thereon, which was at the time in a dilapidated condition, and remained in possession thereof until the death of John Cochran. Since his death Minnie Cochran has continued in possession thereof.

On 17 July, 1935, R. M. Twitty executed and delivered to his daughter, Eugenia Twitty, the plaintiff, a deed for said premises, which deed was duly recorded. Thereupon, on 22 July, 1935, plaintiff instituted this action by procuring the issuance and service of summons. The defendant, in her answer, alleged that the deed from R. M. Twitty to the plaintiff was a voluntary conveyance without consideration and was executed for the purpose of depriving John Cochran, now deceased, and the defendant Minnie Cochran, of the possession of said premises and for the fraudulent purpose, participated in by the plaintiff, of procuring the ejectment of the defendant from said land and depriving them of the value of improvements and repairs made by them in good faith upon said land.

While there were nine issues submitted to the jury, only one was answered, as follows: "1. Was the deed from R. M. Twitty to Eugenia Twitty, bearing date of 17 July, 1935, a voluntary conveyance, made for the purpose of depriving John Cochran and his wife Minnie Cochran of a life estate in said property under the paper writing signed by R. M. Twitty? Answer: 'Yes.'"

Upon the coming in of the verdict the court below signed judgment:

1. That the deed to plaintiff dated 17 July, 1935, is null and void, and the same is hereby ordered to be canceled of record.

2. That the plaintiff take nothing by her action; that the same be dismissed, etc.

3. That the grant from R. M. Twitty to John Cochran and Minnie Cochran, his wife, be and the same hereby is adjudged in all respects valid and binding. It was further decreed that Minnie Cochran is entitled to a life estate in the lands described in the judgment in accordance with the agreement as to the boundary thereof.

4. That the bonds executed by the defendant John Cochran be discharged.

The plaintiff excepted and appealed.

*M. P. Spears and J. S. Dockery for plaintiff, appellant.*
*Hamrick & Hamrick for defendant, appellee.*

BARNHILL, J. There was sufficient evidence to sustain the answer of the jury to the first issue. The assignments of error directed to the admission of evidence on this issue, and to the charge of the court relating thereto, are without substantial merit. The jury having failed to answer the other issues, the remaining exceptions become immaterial and do not require consideration.

The deed to plaintiff being a voluntary one made for a fraudulent purpose, the Connor Act, now C. S., 3309, has no application here. This act protects only creditors or purchasers for a valuable consideration against unrecorded deeds, mortgages, leases and other paper writings affecting the title to the lands conveyed. *Tyner v. Barnes,* 142 N. C., 110, 54 S. E., 1008; *Harris v. Lumber Co.,* 147 N. C., 631, 61 S. E., 604; *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32; *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494; *Gosney v. McCullers,* 202 N. C., 326, 162 S. E., 746. In the last cited case, *Stacy, C. J.,* speaking for the Court, says: "And by the express terms of the Connor Act, chapter 147, Laws 1885, now C. S., 3309, only creditors of the donor, bargainor or lessor, and purchasers for value are protected against an unregistered conveyance of land, contract to convey, or lease of land for more than three years."

It follows, therefore, that the plaintiff through her deed from R. M. Twitty acquired no rights in the *locus* superior to the rights of the defendant under the paper writing signed by plaintiff's grantor even though the paper writing held by the defendant was not of record at the time plaintiff received and filed her deed for recordation. On the contrary, her rights in the land are subordinate to the rights of the defendant, who has been in possession of said premises under said paper writing since about 1928. But this does not invalidate the deed of plaintiff. It is good as between the parties thereto. The verdict of the jury did not warrant a judgment invalidating the deed and directing its cancellation of record.

Likewise, an adjudication of the force and effect of the paper writing held by the defendant and the rights of the defendant thereunder cannot be predicated upon the verdict rendered. The judgment of the court below exceeds the bounds authorized by the verdict.

On the present record the defendant is entitled to a judgment that the plaintiff is not entitled to the possession of the *locus in quo* as against the defendant and is not entitled to recover rents therefor; that the rights acquired by the plaintiff under her deed are subject or subordinate

to the rights of the defendant under the paper writing executed by her grantor to the defendant and her husband; and that the action be dismissed at the cost of plaintiff. The verdict warrants no other or further relief.

The judgment below must be modified to accord with this opinion.

Modified and affirmed.