WXQR MARINE BROADCASTING CORPORATION v. JAI, INC., HARRY BHULABHAI, C. N. BURTEL AND RAYMOND BURTEL

No. 864DC322

(Filed 16 December 1986)

**Rules of Civil Procedure § 56.7— summary judgment before ruling on motion— frivolous appeal**

Defendants' contention that the trial court erred in entering summary judgment for plaintiff before defendants' motions to extend the time for answering requests for admissions were ruled on was frivolous where (1) the motions were not made in the trial court and thus are not supported by exceptions or assignments of error, App. Rule 10(a), and (2) when summary judgment was entered the motions were moot and there was nothing to hear under them because the only extension of time that they sought expired five weeks before the hearing was held and four weeks before the answers were filed.

APPEAL by defendants from *Martin, James N., Judge.* Judgment entered 25 October 1985 in District Court, ONSLOW County. Heard in the Court of Appeals 16 September 1986.

Plaintiff's suit is on an open account for radio advertising time that defendants allegedly bought but have not paid for. In its short, simple seven paragraph complaint plaintiff alleged in substance that: It and defendant JAI, Inc. are North Carolina corporations with their principal offices in Onslow County; the individual defendants are Onslow County residents; and the defendants purchased radio advertising time worth $4,536 from plaintiff and have refused to pay for it. Defendants jointly applied for and obtained additional time within which to answer and when answer was eventually filed every allegation made in the complaint was denied. On 18 July 1985 plaintiff served nine requests for admission on each defendant. The first seven of the requests repeated verbatim the seven paragraphs of the complaint, and the other two merely stated when the alleged radio advertising was done and that plaintiff had fulfilled its obligation to defendants in regard to it. Though the requests for admission required each defendant to admit or deny the truth of each statement made therein within 30 days, none of the defendants answered or objected to any of them within the time designated. On 20 August 1985, 33 days after the requests were served, defendants' lawyer filed identical motions for each defendant requesting that the time for answering the requests be extended until 20 September

1985 because "said defendant is out of Onslow County." No notice of hearing was attached to the motions and, so far as the record shows, no effort has since been made to have a hearing on them. On 4 October 1985 plaintiff notified defendants that on 21 October 1985 or as soon thereafter as the matter could be heard it would move for summary judgment or in the alternative for sanctions for defendants' failure to comply with discovery. On 18 October 1985 substantially identical answers to the requests for admission were filed for each defendant. The answers admitted the truth of only one request—that plaintiff is a North Carolina corporation whose principal place of business is in Onslow County—and denied the truth of the other eight requests, either without qualification or by claiming that he or it was "without sufficient information and belief upon which to admit or deny the allegations." Plaintiff's motion came on for hearing on 25 October 1985 and the court entered summary judgment against the defendants upon findings of fact to the effect that defendants' failure to respond to the requests for admissions within the time designated constituted an admission of the facts stated under Rule 36(a), N.C. Rules of Civil Procedure and that defendants had not moved to amend or withdraw the admissions as Rule 36(b) permits.

*Robert W. Detwiler for plaintiff appellee.*

*Samuel S. Popkin for defendant appellants.*

PHILLIPS, Judge.

Before addressing the defendants' sole assignment of error we note with disapprobation the dilatory, evasive course that defendants have followed in defending this case. Litigants in this state are required to respond to pleadings, interrogatories and requests for admission with timely, good faith answers. They may not deny an allegation generally when part of it is known to be true. Rule 8(b), N.C. Rules of Civil Procedure. Pleadings not made in the good faith belief that they are supportable are sham pleadings that can be stricken. Rule 11, N.C. Rules of Civil Procedure. Nor may parties unduly delay or impede their adversaries in their search for relevant information and admissions by professing to be ignorant of what can be learned by reasonable effort. When a party claims not to have enough information to forthrightly answer a request for admission, good faith and Rule 36(a)

of the N.C. Rules of Civil Procedure requires the claimant to state that reasonable inquiry was made. Yet although the defendants were familiar with the statements contained in the requests for admission and had answered them once when stated in the complaint, they let the time for answering them expire and then moved for an extension of time without stating even a semblance of a valid reason, which they could not state, of course, if their answer to the complaint was made in good faith; and upon eventually answering the requests 93 days after they were served defendants claimed not to have enough information to admit or deny most of them but did not state, as Rule 36(a) requires, that they had made a reasonable attempt to ascertain the truth or falsity of the requests. Defendants' conduct was clearly dilatory and obstructive and the trial judge could have justifiably imposed sanctions had he seen fit to do so. Too, though no documentary proof of the status of the defendant JAI, Inc. is recorded since that defendant filed several papers with the court in that name we question the candor of defendants' denial that JAI, Inc. is even a corporation, which is the effect of their unqualified denial that JAI, Inc. is a corporation organized under North Carolina law with its principal place of business in Onslow County.

Defendants' assignment of error—that the court erred in entering summary judgment—is based only upon exceptions taken to the court's conclusions of law and judgment. They did not except to any of the court's findings of fact, which conclusively established that the defendants owe plaintiff $4,536. The court's conclusions of law and judgment, that plaintiff is entitled to recover $4,536 of the defendants, simply follows the findings of fact, as inexorably as night follows day, and defendants do not argue otherwise. What they argue is that the court erred in entering summary judgment before their motions to extend the time for answering the requests for admission were ruled on. Leaving aside the untimeliness of the motions and defendants' failure to state a justifiable reason for delaying their answers, this argument is frivolous for at least two reasons: First, it was not made in the trial court and thus is supported by no exception or assignment of error. Rule 10(a), N.C. Rules of Appellate Procedure. Second, when summary judgment was entered the motions were moot and there was nothing to hear under them because the only extension of time that they sought expired five

weeks before the hearing was held and four weeks before the answers were filed.

Affirmed.

Judges PARKER and COZORT concur.