EXCEL STAFFING SERVICE, INC., PLAINTIFF v. HP REIDSVILLE, INC., HP/MANAGEMENT SERVICES, INC., HP/OPERATIONS GROUP, INC. AND HEALTHPRIME, INC. COLLECTIVELY D/B/A REIDSVILLE HEALTH CARE & REHABILITATION A/K/A REIDSVILLE REHABILITATION AND CARE CENTER, DEFENDANTS

No. COA04-1047

(Filed 2 August 2005)

**1. Discovery— request for admissions—answer—sufficiency of response**

An answer to allegations in a complaint does not serve as a response to a request for admissions, even if the matters addressed in both are identical. The trial court did not err by ruling that defendants failed to respond and deeming the requests admitted.

**2. Discovery— request for admissions—deemed admitted—motion to withdraw denied**

The trial court did not abuse its discretion by not allowing defendants to withdraw admissions (plaintiff's requests for admissions had been deemed admitted when defendants did not answer). Defendants made an oral motion six months after the requests were deemed admitted, did not file a written motion until over six weeks after the court had entered summary judgment for plaintiff, and there were no signs of excusable neglect.

**3. Contracts— breach—deemed admissions—alter ego rule— time of admissions—partial summary judgment**

The trial court did not err by granting partial summary judgment for plaintiff on its breach of contract claim where defendants admitted the breach and the deemed admissions demonstrated that all the other defendants were mere instrumentalities of defendant-HealthPrime.

**4. Contracts— amount of debt—specific pleading—general denial—summary judgment**

There was no genuine issue of material fact as to the amount of a contract debt where plaintiff's verified complaint included the exact amount it contended that defendant owed, and defendants only generally denied the amount of the debt.

**5. Unfair Trade Practices— intent—irrelevant—summary judgment**

Intent is irrelevant to unfair and deceptive trade practices, and the trial court did not err by granting summary judgment for plaintiffs on such a claim even though defendants argued that they lacked the necessary intent.

**6. Unfair Trade Practices— establishment of subsidiary corporation—not per se an unfair practice**

The mere establishment of a subsidiary corporation for the purpose of limiting the parent corporation's liability is not per se an unfair and deceptive trade practice, and summary judgment for plaintiff on this ground was reversed.

Appeal by defendant from judgment entered 10 October 2003, 19 December 2003, and 8 January 2004 by Judge Michael E. Helms, and from judgment entered 4 March 2004 by Judge W. Douglas Albright, in Guilford County Superior Court. Heard in the Court of Appeals 13 April 2005.

*Nexsen Pruet Adams Kleemeir, PLLC, by J. Scott Hale, Eric H. Biesecker, and Stephanie R. Ennis, for plaintiff-appellee.*

*Alexander Ralston, Speckhard & Speckhard, LLP, by Stanley E. Speckhard, and Allman Spry Leggett & Crumpler, PA, by Roger E. Cole, for defendants-appellants.*

**EXCEL STAFFING SERV., INC. v. HP REIDSVILLE, INC.**

[172 N.C. App. 281 (2005)]

STEELMAN, Judge.

Filing an unverified answer to a complaint does not constitute a response to requests for admissions, even though some of the matters addressed are identical. Further, a corporation's establishment of a subsidiary corporation for the purpose of limiting its liability is not *per se* an unfair and deceptive trade practice under Chapter 75.

Plaintiff, Excel Staffing Service, Inc., is a North Carolina corporation with its principal office in Greensboro. Defendants, HP Reidsville, Inc., HP/Management Services, Inc., HP/Operations Group, Inc., and HealthPrime, Inc., are Georgia corporations authorized to transact business in North Carolina. Defendants operate a health care facility in Reidsville, North Carolina known as Reidsville Health Care & Rehabilitation or Reidsville Rehabilitation and Care Center. Defendant HealthPrime, Inc. is the parent corporation of defendants HP Reidsville, Inc., HP/Management Services, Inc., and HP/Operations Group, Inc. Plaintiff entered into a contract with Reidsville Health Care & Rehabilitation (Reidsville) to provide supplemental nursing services. On 10 February 2003, plaintiff filed suit against defendants alleging breach of contract by defendants in failing to pay for the services provided, and a claim for quantum meruit and for unfair and deceptive trade practices. On 6 March 2003, prior to defendants filing an answer, plaintiff served discovery upon defendants, which included requests for admissions. Plaintiff filed the requests for admissions with the clerk of superior court as required by Rule 5(d) of the Rules of Civil Procedure. Defendants' registered agent received the discovery requests on 7 March 2003, and defendants' corporate counsel received them on 12 March 2003. Defendants never responded to plaintiff's request for admissions.

On 17 September 2003, both parties filed motions for summary judgment. At the hearing of these motions, Judge Michael E. Helms found that defendants had failed to respond to plaintiff's requests for admissions and deemed each of the requests admitted under Rule 36(a) of the Rules of Civil Procedure. Immediately following the trial court's ruling granting partial summary judgment in favor of plaintiff, defendants made an oral motion pursuant to Rule 36(b) requesting the court relieve them of the effect of not responding to the request for admissions. The trial court denied defendants' motion. On 10 October 2003, the trial court filed a written order granting summary judgment in favor of plaintiff on its breach of contract claim against all defendants, jointly and severally, for the principal sum of $70,034.10, plus interest at the rate of eighteen percent per annum. On

**EXCEL STAFFING SERV., INC. v. HP REIDSVILLE, INC.**

[172 N.C. App. 281 (2005)]

19 December 2003, the trial court amended its order to clarify that plaintiff's claims for unfair and deceptive trade practices and attorney's fees were left open for future disposition. The trial court amended its order yet again on 8 January 2004 to reflect that defendants orally moved on 6 October 2003 for relief from the effect of their failure to respond to plaintiff's requests for admissions and that the trial judge denied that motion.

On 3 December 2003, plaintiff moved for summary judgment on its claim for unfair and deceptive trade practices. On 8 December 2003, defendants filed a written motion renewing their motion for relief from their failure to respond to the requests for admissions. Judge Helms denied this motion by order dated 8 January 2004.

On 4 March 2004, Judge W. Douglas Albright entered summary judgment against all defendants, jointly and severally, on plaintiff's claim for unfair and deceptive trade practices. Judge Albright held that defendants' conduct was conclusively established by Judge Helms' Corrected Order of Summary Judgment and the matters deemed admitted by defendants' failure to answer plaintiff's request for admissions, and that this conduct violated N.C. Gen. Stat. § 75-1.1 as a matter of law. The trial judge determined plaintiff had sustained damages of $78,495.75 and trebled the damages. Defendants appeal.

[1] In defendants' first assignment of error, they contend the trial court erred in determining that defendants had failed to respond to plaintiff's request for admissions. We disagree.

While defendants readily admit they failed to respond to plaintiff's request for admissions, they contend the matters requested to be admitted were the same as the allegations in the complaint, to which they timely filed an answer, and therefore, this was the functional equivalent of responding to plaintiff's request for admissions. We disagree.

Rule 36(a) of the Rules of Civil Procedure provides that either party may serve upon any other party a written request for admission of certain matters specified within the rule. N.C. Gen. Stat. § 1A-1, Rule 36(a) (2004). The plaintiff may serve a defendant with request for admissions concurrently with or after service of the summons and complaint upon that party. *Id.* If the party to whom the request is directed fails to respond within the time allowed the matter is deemed admitted. *Id.* "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

from the case, and secondly, to narrow the issues by eliminating those that can be." N.C. Gen. Stat. § 1A-1, Rule 36 official commentary. "Thus, it is imperative that a timely response be served." 1 G. Gray Wilson, *North Carolina Civil Procedure* § 36-3, at 603 (1995).

Defendants' contention that an unverified answer to a complaint is the same as a response to a request for admission that contains matters "identical" to the allegations in the complaint contravenes the express purpose of Rule 36. Rule 36 means exactly what it says. *Rutherford v. Air Conditioning Co.*, 38 N.C. App. 630, 636, 248 S.E.2d 887, 892 (1978). In order to avoid having the requests deemed admitted, a party must respond within the specified time period. *Id. See also WXQR Marine Broadcasting Corp. v. JAI, Inc.*, 83 N.C. App. 520, 521, 350 S.E.2d 912, 913 (1986) ("Litigants in this state are *required* to respond to . . . requests for admission with *timely*, good faith answers.") (emphasis added).

It is true that our Supreme Court instructed that when construing the Rules of Civil Procedure "[t]echnicalities and form are to be disregarded in favor of the merits of the case[]" and that "[l]iberality is the canon of construction." *Lemons v. Old Hickory Council, Boy Scouts, Inc.*, 322 N.C. 271, 275, 367 S.E.2d 655, 657 (1988). However, to read Rule 36 as liberally as defendants ask us to do would effectively eviscerate the rule, a result we refuse to endorse. We hold that an answer to allegations in a complaint does not serve as a response to a request for admission, even if the matters addressed in both are identical. This argument is without merit.

[2] In defendants' second argument, they contend the trial court abused its discretion in refusing to permit them to withdraw their admissions. We disagree.

Rule 36(b) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, Rule 36(b) (2004). The standard of review of a trial court's ruling on a motion to amend or withdraw a party's admission is abuse of discretion. *Eury v. N.C. Employment Sec. Comm.*, 115 N.C. App. 590, 603, 446 S.E.2d 383, 391 (1994). This means that the trial court's decision will not be overturned absent a showing that the decision was so arbitrary that it could not have been the result of a reasoned decision. *Id.* Defendants first made their motion under Rule 36(b) orally, following the trial court's ruling that each of the requests for admissions were deemed admitted under Rule 36(a) for failure to answer and that it

was granting summary judgment in favor of plaintiff. At that time, defendants had filed no written motion, given no notice of the motion, nor did they file any documents in support of the motion. Instead, they made an oral motion six months after the requests were deemed admitted. Defendants did not file a written motion until over six weeks after the trial court's entry of a written order granting summary judgment in favor of plaintiff. Further, the record is devoid of anything indicating defendants' failure to respond was the result of excusable neglect. Rather, defendants' written Rule 36 motion asserted the requests were not properly served and their answer to the complaint constituted a denial of the Request for Admissions. We hold that under these circumstances, the trial court did not abuse its discretion in denying defendants' oral and written motions to withdraw their admissions. This argument is without merit.

**[3]** In defendants' third argument, they contend the trial court erred in granting partial summary judgment in favor of plaintiff regarding its breach of contract claim.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004). "Facts that are admitted under Rule 36(b) are sufficient to support a grant of summary judgment." *Goins v. Puleo*, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999).

Defendants admitted in their answer that: (1) HP/Reidsville contracted with plaintiff for the provision of supplemental nursing services; (2) plaintiff provided those services to the benefit of HP/Reidsville, for which plaintiff was not paid; and (3) HP/Reidsville is indebted to plaintiff for monies owed for services rendered. The requests for admissions further establish that: (1) HP/Reidsville, HP/Management, and HP/Operations are all mere instrumentalities and/or alter egos of HealthPrime and have no separate minds, will or existences of their own, and (2) defendants made financial, policy, and business decisions regarding the operation of Reidsville Rehab.

Where a corporation is found to be the mere instrumentality of another, "the two are treated as one for purposes of assessing liability for the alleged wrong, and are jointly and severally liable." *Muse v. Charter Hospital of Winston-Salem*, 117 N.C. App. 468, 473, 452 S.E.2d 589, 594 (1995). In *Monteau v. Reis Trucking & Constr., Inc.*,

we applied this rule in the context of a breach of contract action. 147 N.C. App. 121, 126, 553 S.E.2d 709, 712 (2001). The alter ego doctrine applies to contractual debts as well as to tort claims. 18 Am. Jur. 2d *Corporations* § 52 (2004).

Defendants argue, however, that despite the admissions, they are not liable because the admissions only establish they were instrumentalities as of the date such admissions were deemed effectively made, namely 14 April 2003, thus, the admissions do not establish their liability at the time of the admitted breach of contract by Reidsville. We disagree.

The definitions and instructions contained in plaintiff's discovery requests state that "[u]nless otherwise indicated, the Interrogatories refer to the time, place, and circumstances of the occurrences mentioned or complained of in the pleadings." Although the instruction refers to interrogatories, the instructions are included with plaintiff's discovery requests, which contained plaintiff's request for admissions. Further, defendants could not reasonably believe the request for admissions referred to any time period other than the time of the occurrences referenced in the pleadings, otherwise the requests would be irrelevant.

In addition, the request for admissions sent to HP/Reidsville, HP/Operations, and HP/Management services refer to time periods before, during and after the breach of contract.

3. Admit that you <u>made</u> financial, policy and business decisions regarding the operation of Reidsville Rehab.

4. Admit that you <u>have</u> no identity separate and apart from HealthPrime.

5. Admit that you <u>are</u> a mere instrumentality and/or alter ego of HealthPrime and have no separate mind, will or existence of your own.

6. Admit that you <u>were</u> a mere instrumentality and/or alter egos [sic] of HealthPrime used to deprive creditors such as Plaintiff from having any source of recovery in the event Reidsville Rehab ceased to operate.

7. Admit that <u>when Plaintiff demanded payment from Reidsville Rehab</u>, Plaintiff was told to make all demands upon and conduct all negotiations for payment with representatives of HealthPrime.

8. Admit that HealthPrime <u>entered</u> into a letter agreement and signed a Confession of Judgment in favor of Plaintiff with respect to previous debts owed to Plaintiff as a result of services rendered by Plaintiff at Reidsville Rehab.

(emphasis added). The request for admissions sent to HealthPrime contained substantially the same language.

Thus, the trial court did not err in granting partial summary judgment in favor of plaintiff against defendants HP/Reidsville, HP/Management, HP/Operations, and HealthPrime, jointly and severally, on their breach of contract claim, as defendants admitted to the breach, and the deemed admissions demonstrated all the other defendants were mere instrumentalities of HealthPrime.

[4] Defendants also contend the trial court erred when granting plaintiff partial summary judgment on its breach of contract claim when it held defendants were liable in the amount of $70,034.10, plus interest at eighteen percent per annum.

When a motion for summary judgment is properly supported, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue of fact. *Stephenson v. Jones,* 69 N.C. App. 116, 119, 316 S.E.2d 626, 629 (1984). The nonmoving party cannot simply rely on mere denials in an affidavit, but must at least bring forth facts which forecast that a genuine issue of material fact still exists. *Id. See also Amoco Oil Co. v. Griffin,* 78 N.C. App. 716, 718, 338 S.E.2d 601, 602 (1986) ("An answer filed by defendant which only generally denies the allegations of the complaint fails to raise a genuine issue of fact," as does "an affidavit which merely reaffirms the allegations of the defendant's answer").

In this case, defendants attempt to rely on the general denial in their answer to defeat plaintiff's motion for summary judgment. In plaintiff's verified complaint, it includes the exact amount it contends defendants owe it for services rendered. In defendants' unverified answer, they admit that HP/Reidsville is indebted to plaintiff, but only generally deny the amount of the debt. However, after plaintiff served defendants with its motion for summary judgment, defendants offered an affidavit contradicting their earlier admission, stating, defendants "owe nothing to the plaintiff." Defendants' general denial as to the amount owed contained in their answer, coupled with their general denial in their affidavit that they owe plaintiff anything, is insufficient to raise a genuine issue of material fact as to the amount

of the debt. The trial court did not err in granting partial summary judgment in favor of plaintiff on its breach of contract claim and determining that defendants owed plaintiff $70,034.10, plus interest at eighteen percent per annum.

**[5]** In their fourth and final argument, defendants contend the trial court erred by granting plaintiff's summary judgment motion with respect to its claim for unfair and deceptive trade practices. We agree in part.

Relying on the corrected order of summary judgment, which held the requests for admissions served on defendants were deemed admitted due to defendants' failure to respond, Judge Albright granted plaintiff's motion for summary judgment on the Chapter 75 unfair and deceptive trade practices claim. We review a trial court's grant of summary judgment *de novo. Shroyer v. County of Mecklenburg*, 154 N.C. App. 163, 167, 571 S.E.2d 849, 851 (2002).

As stated above, a trial court may grant summary judgment where "there is no genuine issue as to any material fact" and "any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). Although it is permissible for the court to consider " 'the pleadings, depositions, admissions, affidavits, answers to interrogatories, oral testimony and documentary materials' " when ruling on such a motion, the court must consider such evidence in the light most favorable to the nonmovant. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citations omitted).

North Carolina law forbids unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. N.C. Gen. Stat. § 75-1.1(a) (2004). " 'In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff.' " *Howerton*, 358 N.C. at 470, 597 S.E.2d at 693 (citations omitted).

Defendants first argue the trial court erred because they did not have the intent necessary for an unfair and deceptive trade practices claim. This argument is without merit, as the "intent of the actor is irrelevant." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981).

**[6]** Next, defendants argue there are no admissions which establish any conduct on the part of defendants that would permit the trial

court to determine they committed an unfair or deceptive act or practice. We agree.

The admission relevant to this issue provides:

7. [D]efendants HP/Reidsville, HP/Management and HP/Operations were mere instrumentalities and/or alter egos of HealthPrime used to deprive creditors such as Plaintiff from having any source of recovery in the event HealthPrime decided to cease operating Reidsville Rehab.

One of the primary motivations for the incorporation of a business is to limit the liability of the corporation's shareholders. Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 11.01 (7th ed. 2004). This is true whether the shareholders are individuals or another corporation. Further, it is clearly not illegal for a corporation to establish a subsidiary corporation. One of the reasons for doing so is to insulate the parent corporation from liability for particularly risky business ventures.

Request for Admission 7 merely establishes that defendants set up Reidsville for the purpose of limiting their liability. To hold as a matter of law that this constitutes an unfair and deceptive trade practice would be to expose every parent corporation or holding company in this state to liability under Chapter 75 for organizing their business in a manner that has heretofore been held to be legal.

We hold as a matter of law that the mere establishment of a subsidiary corporation for the purpose of limiting the parent corporation's liability is not *per se* an unfair and deceptive trade practice under Chapter 75. This portion of the trial court's judgment finding such a violation and awarding treble damages is reversed.

We remand this portion of the case to the lower court for a trial before a jury to determine whether defendants' conduct, as to this specific plaintiff, constituted an unfair and deceptive trade practice under Chapter 75.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges McGEE and BRYANT concur.