An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-120

Filed 20 May 2026

Pitt County, No. 23CVD001221-730

ROSA M. GALLEGOS, Plaintiff,

v.

JOSE LUCAS LOERA, Defendant.

Appeal by plaintiff from order entered 20 August 2024 by Judge Lee F. Teague in Pitt County District Court. Heard in the Court of Appeals 26 August 2025.

> *Johnson Law Firm, by Steven F. Johnson, II, and Cassidy S. Johnson, for plaintiff-appellant.*
>
> *Jose Lucas Loera, pro se, no brief filed.*

GORE, Judge.

Plaintiff Rosa Gallegos appeals the order granting defendant's motion to dismiss for lack of subject matter jurisdiction. Upon review of the brief and the record, we reverse and remand.

**I.**

On 21 April 2023, plaintiff filed a complaint for post-separation support, alimony, equitable distribution, and attorney fees against defendant. Her complaint

alleged that the parties were "married to each other on October 8, 1999" and they separated in October of 2021.

Defendant was served with the summons and complaint and on 30 June 2023, he filed a motion for extension of time to answer; an Order extending Time allowed him until 31 July 2023 to answer.

On 7 July 2023, plaintiff served defendant with her "First Set of Interrogatories, Request for Admissions, and First Request for Production of Documents and Things." Defendant filed a motion for extension of time to respond to the discovery and requests for admission, and an order was entered allowing defendant until 6 September 2023 to file his responses.

Plaintiff's Requests for Admission asked defendant to admit the following:

1. Admit that you are married to Plaintiff.

2. Admit that, since October 8, 1999, you have told third parties that you are married to Plaintiff.

3. Admit that, since October 8, 1999, you have referred to Plaintiff as your "wife."

4. Admit that, since October 8, 1999, you have signed documents, under penalty of perjury, that you are married to Plaintiff.

5. Admit that you own real property with Plaintiff as husband and wife.

6. Admit that you and Plaintiff applied for a marriage license in Cook County, IL.

7. Admit that you signed a marriage license application in Cook County, IL.

8. Admit that you and Plaintiff paid for a marriage license application fee in Cook County, IL.

9. Admit that you and Plaintiff were issued a marriage license in Cook County, IL.

10. Admit that on October 8, 1999, you and Plaintiff had a marriage ceremony at St. Francis of Assisi Catholic Church in Chicago, IL.

11. Admit that Rev. Jose Marino Novoa officiated the marriage ceremony.

12. Admit that you said "I do" or "Si acepto" at your marriage ceremony to Plaintiff.

13. Admit that Plaintiff said "I do" or "Si acepto" to you at your marriage ceremony to Plaintiff.

14. Admit that Rev. Jose Marino Novoa announced you and Plaintiff as man and wife.

15. Admit that Rev. Jose Marino Novoa announced you and Plaintiff as Husband and Wife.

16. Admit that there were at least two witnesses present at your marriage ceremony to Plaintiff.

17. Admit that on October 8, 1999, you signed the marriage license.

18. Admit that Rev. Jose Marino Novoa signed the marriage license.

19. Admit that two witnesses signed the marriage license.

20. Admit that you have not given Plaintiff any spousal support since October 26, 2021.

On 11 July 2023, defendant filed an unverified motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, alleging the parties were never legally married.

Defendant did not respond to the Requests for Admission by the set extension date and at the hearing stated he was waiting to address these discovery documents once the court ruled upon his motion to dismiss pursuant to Rule 12(b)(1).

At the hearing on defendant's motion to dismiss, plaintiff argued the Requests for Admission were admitted pursuant to North Carolina Rules of Civil Procedure 36 and based upon those admitted facts the trial court should deny the motion to dismiss. The trial court did not rule on the Requests for Admission argument but instead decided to hold an evidentiary hearing on the Rule 12(b)(1) motion to dismiss. Plaintiff presented evidence supporting her contention that the parties were legally married; defendant testified they were never legally married. Plaintiff objected to this on the basis he was judicially estopped from making this statement due to the Requests for Admission that included a statement they were spouses, but the court overruled this objection. The trial court ultimately granted the motion to dismiss for lack of subject matter jurisdiction after finding facts contrary to those stated in the Requests for Admission, on the grounds the parties were not married. Plaintiff timely appealed the final order.

**II.**

Plaintiff appeals of right pursuant to N.C.G.S. § 7A-27(b)(2). Plaintiff argues the trial court erred by granting defendant's motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure because the Requests for Admission were admitted and conclusively established. Additionally, plaintiff argues the trial court erred by granting the motion to dismiss because the parties were in a valid marriage under Illinois law.

Rule 36(a) of the North Carolina Rules of Civil Procedure establishes that when a party is served with Requests for Admission and fails to respond in a timely manner, such statements are deemed admitted conclusively "for purposes of the pending action." *Shwe v. Jaber*, 147 N.C. App. 148, 151 (2001). "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." *Town of Chapel Hill v. Burchette,* 100 N.C. App. 157, 162 (1990). "Failure to do so means that the facts in question are judicially established." *J.M. Parker & Sons, Inc. v. William Barber, Inc.,* 208 N.C. App. 682, 688 (2010). The trial court does have "discretion to allow a withdrawal of an admission upon a party's motion," but without exercise of this discretion, the matters admitted remain established. *Shwe*, 147 N.C. App. at 151.

Moreover, Rule 36 does not include an exception to delay a response to Requests for Admission by filing a motion to dismiss for lack of subject matter jurisdiction. *See* N.C. R. Civ. P. 36(b). While we are unaware of case law that directly

addresses the interplay between Rule 36 and Rule 12(b)(1), we have ruled previously on whether an answer to pleadings pursuant to Rule 12(a) also acts as a response to a Rule 36 requests for admission. We held in that situation that "an answer to allegations in a complaint does not serve as a response to a request for admission, even if the matters addressed in both are identical." *Excel Staffing Service, Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285 (2005). In that case we explained such a liberal interpretation "would effectively eviscerate [Rule 36]." *Id.* Further, we explained the purpose behind Rule 36—"first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *Id.* at 284–85.

Having recognized the distinction between Rule 36 responses to requests for admission and Rule 12(a) responsive pleadings, it then follows that parties should not rely upon the Rule 12(a) timelines given to file a responsive pleading once a motion to dismiss pursuant to Rule 12(b) is filed; those timelines do not apply to Rule 36. Rule 36 has its own time limits that differ from Rule 12 and carry different penalties when a party does not heed the procedural clock nor seek a judicial extension of time. *Compare* N.C. R. Civ. P. 12(a), (g), and (h), *with* N.C. R. Civ. P. 36.

In the present case, plaintiff served summons and complaint upon defendant. Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) after plaintiff issued her First Requests for Admission. Defendant must have been aware of the harsh consequences of Rule 36 because he initially sought and obtained an extension of time

to reply to the Rule 36 Requests for Admission. However, defendant never filed a response to the Requests for Admission (and other discovery requests). At the hearing on the Motion to Dismiss for lack of subject matter jurisdiction, defendant stated he was waiting for the trial court to rule upon his motion to dismiss prior to responding to the Requests for Admission. At this point, over 300 days had already passed beyond the granted extension of time. Because Rule 36 establishes that failure to respond to Requests for Admission results in the matters being admitted, the trial court erred by failing to enforce its deadline of 6 September 2023, and it erred by failing to rule the matters in the Requests for Admission were conclusively established. The Requests for Admission established plaintiff and defendant were married to one another on 8 October 1999.

"We review a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure de novo." *Blow v. DSM Pharms., Inc.*, 197 N.C. App. 586, 588 (2009) (cleaned up). In the present case, the matters admitted conclusively establish plaintiff and defendant are married. Therefore, the trial court has subject matter jurisdiction. Accordingly, the trial court improperly granted defendant's motion to dismiss for lack of subject matter jurisdiction.

**III.**

For the foregoing reasons, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

REVERSE AND REMAND.

Chief Judge DILLON and Judge STROUD concur.

Report per Rule 30(e).